# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Charlie McClain, Jr.<br>*aka* Idris Humidullah Muhammad,<br>*aka* Mayor of Gramatic,<br>Sally Katherine McClain<br>　　　Debtors | Chapter 13<br><br>Case No. 23-10556 (BLS) |
| Charlie McClain, Jr.<br>*aka* Idris Humidullah Muhammad,<br>*aka* Mayor of Gramatic,<br>Sally Katherine McClain,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>Annette Ashley, Adrienne Bailey, Betty Lou McKenna, Brian E. Lewis, Melanie J. Thompson, John E. Tarburton, Margaret Manning, Stanley Middleman, Patrick McEnerney, Paul C. Saville, State of Delaware, *et al.*<br><br>　　　　　Defendants. | Adv. Pro. No. 23-50415 (BLS)<br><br>Re: Adv. D.I. 6, 7, 9 |

## **ORDER GRANTING MOTION TO DISMISS ADVERSARY COMPLAINT**

### Background

1. On May 2, 2023, Charlie McClain and Sally Katherine McClain (the "Plaintiffs") filed a Chapter 13 bankruptcy case in this Court.

2. On June 13, 2023, the Plaintiffs' bankruptcy case was dismissed for failure to timely file schedules.

3. On June 27, 2023, the Plaintiffs, Charlie McClain and Sally Katherine McClain, filed an adversary complaint (the "Complaint") commencing this adversary

proceeding. The crux of the Plaintiffs' Complaint appears to be that Defendants, acting with the Superior Court of Delaware (the "Delaware Court"), violated the Plaintiffs' due process rights and improperly deprived them of property in a foreclosure action.

4. On August 2, 2023, the Court entered an Order denying the Plaintiffs' oral motion for reconsideration of the dismissal of their Chapter 13 bankruptcy case.

5. On August 17, 2023, Defendants Melanie J. Thompson, John E. Tarburton, and U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V ("US Bank") (together, the "Moving Defendants") filed a Motion to Dismiss the Adversary Complaint (the "Motion to Dismiss").[1]

6. In the Motion to Dismiss, the Moving Defendants argue that:

   a. the Complaint fails to state a claim because it makes "bare-bone accusations" about lack of due process and errors made by the Delaware Court, yet asserts no factual basis underlying these claims;

   b. the Complaint is barred by *res judicata* because the claims raised in the Complaint are essentially identical to those that were finally decided by the Delaware Court; and

   c. that the Plaintiffs have not properly served the Complaint in compliance with Fed.R.Civ.P. 4.

7. On September 15, 2023, the Plaintiffs filed an Objection to the Motion to Dismiss (the "Objection").[2] The Objection contains a number of statements and attachments that are difficult to summarize into a meaningful legal response to the Motion to Dismiss, but the Objection appears to include some argument that the Motion to Dismiss

---

[1] Adv. D.I. 6.  U.S. Bank states that it was improperly named in the Complaint as Freedom Mortgage Servicing Corporation, but U.S. Bank is the holder of the Note at issue.  *See* Motion to Dismiss at p. 2.
[2] Adv. D.I. 7.  The Plaintiffs also filed a Letter to the Court on October 4, 2023 (Adv. D.I. 9).  To the extent that the Plaintiffs seek further relief from this Court in the October 4, 2023 Letter to the Court, that request is denied as moot since the Complaint and this Adversary Proceeding will be dismissed by this Memorandum Order.

should be treated as a motion for summary judgment and that discovery is needed before this Court can rule on the Motion to Dismiss.

8. After a hearing on September 19, 2023, the Court took the Motion to Dismiss under advisement.

Standard – Motion to Dismiss

9. When reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[3]

10. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on in its face.'"[4] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5]

11. The Third Circuit follows a three-step process to determine the sufficiency of a complaint:

> First, the court must "take note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[6]

---

[3] *Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, 879 F.3d 79, 83 n.6 (3d Cir. 2018).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[5] *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)).
[6] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## Jurisdiction

12. Bankruptcy Court jurisdiction is a threshold issue that the Bankruptcy Court must decide for every matter before it.[7] Bankruptcy court jurisdiction potentially extends to four types of title 11 matters, pending referral from the district court:[8]

   a. cases under title 11 (referring to the bankruptcy petition itself);
   b. proceedings arising under title 11 (referring to steps within the bankruptcy case and to any sub-action within the case that may raise a disputed legal issue);
   c. proceedings arising in a case under title 11 (referring to proceedings that are not based on any right expressly created by title 11, but nevertheless would have no existence outside the bankruptcy case); and
   d. proceedings related to a case under title 11 (referring to proceedings in which the outcome could conceivably have any effect on the estate being administered in bankruptcy).[9]

13. Here, the Plaintiffs' Chapter 13 bankruptcy case was dismissed before this adversary proceeding was commenced, and the Court denied the Plaintiffs' request for reconsideration of dismissal of the bankruptcy case. Accordingly, the adversary proceeding is not "arising under," "arising in," or "related to" a bankruptcy case.[10]

---

[7] "Congress has vested 'limited authority' in bankruptcy courts." *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004). The source of bankruptcy jurisdiction is 28 U.S.C. § 1334 and 28 U.S.C. § 157. Even when exercising statutory jurisdictional powers, a bankruptcy court must consider whether its exercise of jurisdiction comports with Article III of the Constitution. *In re Millennium Lab Holdings II, LLC*, 945 F.3d 126, 135 (3d Cir. 2019) (discussing *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)).

[8] 28 U.S.C. § 1334 grants jurisdiction over bankruptcy cases and proceedings to the district courts; then, the district courts may refer cases and proceedings falling within that section to the bankruptcy courts. *Resorts Int'l*, 372 F.3d at 161. *See Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

[9] *Green v. Mitsui Sumitomo Ins. Co. (In re TK Holdings, Inc.)*, 2021 WL 6101496, at 6 (Bankr. D. Del. Dec. 20, 2021) (quoting *Resorts Int'l*, 372 F.3d at 162)).

[10] 28 U.S.C. § 1334(b).

4

14. There are situations when, after dismissal of a case, the bankruptcy court may continue to exercise jurisdiction over a pending "core" proceeding.[11] However, the Plaintiff's adversary proceeding neither asserts a "core" matter under the non-exclusive list in 28 U.S.C. § 157(b)(2) nor is it a matter that depends upon the bankruptcy laws for its existence.[12]

15. Accordingly, this adversary proceeding must be dismissed because the Bankruptcy Court lacks jurisdiction to consider it.

Alternative Basis for Dismissal

16. The Court agrees with the Moving Defendants that the Complaint does not assert sufficient factual allegations to support a claim upon which relief may be granted. While difficult to parse out the claims in the Complaint, its substance asserts a lack of due process in connection with the foreclosure action in the Delaware Court. The Complaint asserts a number of vague and conclusory legal statements, but there is an absence of concrete factual allegations to support either a claim for violation of substantive or procedural due process[13] in connection with the state foreclosure action.

---

[11] *See, e.g., Johnson v Smith (In re Johnson)*, 575 F.3d 1079, 1082-83 (10th Cir. 2009) (deciding that the bankruptcy court retained jurisdiction after dismissal over an adversary proceeding seeking damages for a willful violation of the automatic stay under § 362(k)(1)); *In re Baum*, 650 B.R. 852, 856-57 (Bankr. E.D. Mich. 2023) (deciding that the bankruptcy court retained jurisdiction after dismissal to decide a pending contested matter regarding the trustee's disbursement of Chapter 13 funds).

[12] *Johnson*, 575 F.3d at 1083 ("In general, '[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence, and which could proceed in another court, are not core proceedings.'")(quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

[13] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The Supreme Court has observed that the core of the concept of due process is protection against arbitrary action and that 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Chambers v. School Dist. of Philadelphia Bd. Of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (internal punctuation omitted)). "To establish a substantive due process claim, 'a plaintiff must prove

THEREFORE, it is hereby ORDERED that the Motion to Dismiss is GRANTED and the Complaint is hereby DISMISSED WITH PREJUDICE.[14]

BY THE COURT:

Brendan Linehan Shannon
United States Bankruptcy Judge

Dated: November 1, 2023

---

(1) the particular interest at issue is protected by the substantive due process clause, and (2) the government's deprivation of that protected interest shocks the conscious.'" *Hazzouri v. West Pittston Borough*, 416 F.Supp.3d 405, 416 (M.D. Pa. 2019) (quoting *Chambers*, 587 F.3d at 190)). The Complaint here fails to set forth specific factual allegations of "conscious shocking" behavior to support a plausible claim for violation of substantive due process. To establish a cause of action for violation of procedural due process, a plaintiff must prove that the defendant (1) acting under color of state law; (2) deprived the plaintiff of a property interest; and (3) the state procedures for challenging the deprivation do not satisfy the procedural requirements of due process. *Halchak v. Dorrance Twp. Bd. of Supervisors*, 646 F.Supp.3d 571, 593 (M.D. Pa. 2022). "Procedural due process requires that individuals receive 'the opportunity to be heard at a meaningful time and in a meaningful manner' when they are impacted by government action." *Id.* (quoting *Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). The Complaint here also fails to allege specific facts to support a plausible claim that a defendant, acting under state law, violated the Plaintiffs' procedural due process rights by failing to provide meaningful notice or opportunity to be heard.

[14] Federal Rule 15(a) provides that "[t]he courts should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a) made applicable hereto by Fed.R.Bankr.P. 7015. Granting or denying leave to amend is within the discretion of the Court. *Tilton v. MBIA Inc. (In re Zohar III, Corp.)*, 639 B.R. 73, 116 (Bankr. D. Del. 2022) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990)). "Among the grounds that could justify denial of leave to amend are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowing the amendment; and (5) futility. *Id.* "Futility means that 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* "In assessing futility, a court applies the same standard of legal sufficiency under Federal Rule 12(b)(6) and may properly deny leave to amend where amendment would not withstand a motion to dismiss." *Id.* (internal punctuation omitted). Here, the jurisdictional flaws underlying the Plaintiffs' Complaint cause any amendment to be futile. Accordingly, the Complaint is dismissed without leave to amend.